WILLIAM B. CARSWELL, adm'r of OLIVER H. COURTNEY *vs.* MAYOR AND COUNCIL OF WILMINGTON.

New Castle County, May Term, 1897.

**Municipal Corporations. Streets.**—There is a duty resting upon a municipal corporation to keep its streets reasonably safe for travel, by night and by day, for persons having occasion to use them.

**Same.**—The city has a right to make such excavations therein from time to time, as in its judgment, may be necessary and proper, to lay down culverts, sewers, and such other subservice conduits, as the business, health, convenience and comfort of the citizens may require.   But in so doing the city must use all reasonable care, and take every precaution to prevent injuries to travellers along the streets.  .

**Same.**—The measure of care in all cases must be proportioned to the dangerous character of the excavation.   The rule is, not that the city must do the wisest and the best thing possible, but that it shall exercise such care and caution as a reasonably prudent and careful man would under like circumstances.

**Same.**—Every person lawfully using the streets of a city has a right to presume that that duty has been performed, and that the street is in a reasonably good and passable condition for use, and excavations therein properly guarded both by day and night.

**Same.**—The law imposes a duty upon travellers and persons using the street to use all their senses to avoid danger.   If the danger be open and apparent, so that by the ordinary use of the eyesight it may be seen by the traveller, and he recklessly or carelessly rushes into it, the city is not liable.

**Same.  Ordinance.  Fire Engine.**—The driver of a fire engine is not governed by other rules, than those affecting ordinary travellers on the highway as to racing or going at an immoderate speed.  Under the circumstances he has the right of way, but in other respects he is subject to precisely the same rules, that is, in driving he must use his senses, and take reasonable care and caution to avoid danger, and to prevent injury to himself and others.

**Evidence.**—Where the question was, whether lights were showing at an excavation, the evidence of witnesses of equal credibility, who swore positively that they saw the light at the trench, is entitled to more weight than that of those who swear they did not see the lights, but would not say lights were not there.

**Measure of Damages.**—In an action by an administrator for damage resulting from a death caused by negligence, the jury may consider the reasonable probabilities of the life of the deceased, and ascertain as nearly as possible the value of that life, including past losses and such prospective damage, as has resulted or may result from his death.

This was an action on the case to recover damages for the death of Oliver H. Courtney. At the trial it appeared that on the night of November 2d, 1896, Oliver H. Courtney the plaintiff's intestate, was killed while he was driving the Phoenix steam fire engine on Market street in the City of Wilmington just over the north side of the bridge across the Brandywine River. The engine toppled over into a trench, about forty feet square, and from ten to twelve feet deep; Courtney going over with it. A water main in the trench was broken by the engine; the hole filled with water. When Courtney was taken out he was dead.

It was admitted on the part of the city that the trench was being dug under city control, in order to replace an old underground culvert by a new and enlarged one, for the purpose of carrying the water of the North Race across the street. It was further admitted that the death of Courtney resulted from falling into the trench.

*W. S. Hilles and T. B. Heisel,* for the plaintiff.

The duty rested upon the defendant of keeping the streets of the City of Wilmington in proper and passable condition, and if any excavations were necessary it was the duty of the defendant to see that the excavations were properly guarded and lighted at night. Jones, Neg. Mun. Corp. § 81.

As this excavation was particularly dangerous, it was the duty of the city to take extreme care and precaution to prevent injuries to travellers along the highway.

The deceased had a right to presume that this street was in good and passable condition, and the duty rested upon the defendant to apprise him of any danger therein. ·

Under the city ordinance it was the duty of the city to "effectually guard" this excavation. That is, it was its duty to keep such signals as would apprise a reasonably prudent man acting under conditions existing at the time of the accident.

A driver of a fire engine must be governed by other rules than those governing an ordinary traveller on the highway. It is not only generally recognized as his duty to get to the place of alarm as

rapidly as possible, but the ordinance of the city expressly provides for such a condition. The question of his care and caution is to be determined by the jury from a consideration of his duties. City Ordinances 333.

Courtney had a right to use any portion of the highway and to presume that any portion was safe for travel.

The evidence in this case is that the watchman stood at the hole. He was fully aware of the fact that the engines were coming and that they were coming on the left hand side of the bridge. Even if Oliver H. Courtney should be thought by the jury to have been guilty of negligence, he would be entitled to recover in this case if the watchman, notwithstanding his negligence, could, by the exercise of reasonable care, have prevented the accident. *Cootes vs. Detriot*, 43 N. W. Rep. 17 ; Redfield, Neg. 998 ; *Scott vs. R. R. Co.*, 11 Ir. C. L. 37 ; *Nashua Iron & Steel Co. vs. R. R. Co.*, 62 N. H. 159 ; *Murphey vs. Deane*, 101 Mass. 455 ; *R. R. Co. vs. Canen*, 49 Ohio St. 23 ; *Kennedy vs. County Com. of Cecil County*, 9 Md. 65 ; Hale, Torts 493.

*R. G. Harman*, City Solicitor and *H. G. Knowles*, for defendant.

1. A violation of a city ordinance is negligence *per se.* " This is not only obvious carelessness or negligence to say nothing of its being a breach of positive law." Comegys, C. J., in *Jones vs. Belt*, 6 Houst. 562, 569.

2. If the plaintiff be guilty of contributory negligence, however slight, he cannot recover. To entitle him to recover he must be completely blameless. *Jefferson vs. Brady & Co.*, 4 Houst. 645; *Parvis vs. P. W. & B. R. R. Co.*, 8 Houst. 436, 444.

3. When one has knowledge that that there is a defect in a highway, his conduct must be regulated by that knowledge. A special care is due from him, and unless he exercises reasonable care, in view of all the circumstances surrounding his conduct, he will be negligent ; and once knowing of the defective condition of said highway he cannot afterwards assume that said highway is

safe. Jones, Negl. § 221; *Parvis vs. R. R. Co.*, 8 Houst. 436; Beach, Con. Negl. § 37.

LORE, C. J., (charging the jury.)

The principles of law governing this case are well settled. It is only necessary for us to charge you briefly as to what they are.

Market street as one of the streets of this city is a public highway; under the control of the city, with the duty resting upon the city to keep it reasonably safe for travel by night and by day, for all persons having occassion to use the same lawfully.

The city has a right to make such excavations therein, from time to time, as in its judgment, may be necessary and proper, to lay down culverts, sewers and such other subservice conduits, as the business, health, convenience and comfort of the citizens may require. But in so doing, the city must use all reasonable care, and take every reasonable precaution, to prevent injuries to travellers along the streets. The measure of care in all cases must be proportioned to the dangerous character of the excavation. The rule is, not that the city must do the wisest and best thing possible, but that it shall exercise such care and caution as a reasonably prudent and careful man would under like circumstances. You are not to measure, or to speculate upon what might have been done, but to consider whether what actually was done was reasonably prudent and careful under the circumstances.

This being the duty of the city, every person lawfully using the streets, has a right to presume that that duty has been performed, and that the street is in a reasonably good and passable condition for use, and excavations therein properly guarded both by day and by night.

While this is the duty of the city, and it is held to strict accountability therefor; it must be borne in mind that the law imposes a duty upon travellers and persons using the streets to use all their senses to avoid danger. If the danger be open and apparent, so that by the ordinary use of the eyesight it may be seen by the traveller, and he recklessly or carelessly rushes into it, the city is

not liable. The jury would not be justified in rendering a verdict for a plaintiff, where he courted and caused the injury complained of by his own recklessness or carelessness.

If Courtney was racing with the driver of the Friendship engine, or was driving at an immoderate gait at the time of the accident, he was thereby violating ordinances of the city, and was guilty of negligence *per se*; and if his death resulted from such racing or immoderate gait, the plaintiff cannot recover. We cannot charge you, as requested by counsel for plaintiff, that the driver of the fire engine is governed by other rules, than an ordinary traveller on the highway, as to racing or going at an immoderate gait. Under the ordinance he has the right of way, but in other respects he is subject to precisely the same rules as other travellers, that is, in driving on the street he must use his senses, and take reasonable care and caution to avoid danger, and to prevent injury to himself and to others.

If Courtney saw the excavation, or by the reasonable use of his eyesight could have seen it; or if he had knowledge of its existence, and yet recklessly and carelessly drove on, until the engine fell into the trench, the plaintiff cannot recover.

It is for you to say what causes were operating at the exact time of Courtney's death. If Courtney's negligence was operating at the precise time he was killed, it matters not whether the city was negligent or not, and your verdict should be for the defendant; as in that case the doctrine of proximate and remote cause does not apply. The law will not measure the degree of contributory neggence.

In ascertaining whether the city was negligent or not, you are not to take the conduct of the watchman alone, but should consider all the acts and precautions taken by it in guarding the excavation and in preventing the injury, and say whether they were reasonably careful and thoughtful. Even if the watchman gave no warning; yet if you believe warning was given by persons about the trench, at the time, which if heeded by Courtney would have prevented the accident; and that they were not heeded by him and his

Charge.

death resulted therefrom, the plaintiff cannot recover. It was the duty of Courtney to notice warnings of danger if heard by him by whomsoever given. It was his duty to use any knowledge he had of the premises, and to use his eyesight in every reasonable manner to avoid injury, or he must take the consequences of his failure to do so.

The evidence of witnesses of equal credibility, who swore positively that they saw the light at the trench, by the rules of law is entitled to more weight than that of those who swear they did not see lights, but would not say positively lights were not there.

This action is founded on negligence. In order to recover, the plaintiff must satisfy you, by a preponderance of evidence, that the death of Courtney resulted from negligence on the part of the city. If the city was not negligent there can be no recovery. If death resulted from racing or going at an immoderate gait on the part of Courtney there can be no recovery. If death resulted from the negligence of Courtney alone or from his contributory negligence operating at the time of the accident there can be no recovery. But if his death resulted from the negligence of the city alone as the proximate cause, your verdict should be for the plaintiff.

If you find for the plaintiff; in estimating his damages, you may consider the reasonable probabilities of the life of the deceased, and ascertain as nearly as you may the value of that life, including past losses and such prospective damage, as has resulted, or may result from his death.

*Verdict for the plaintiff.*